## CUTTING FOLLANSBY *v.* JEREMIAH M. SMITH.

Where an action was continued with this order—"Defendant to pay and tax no costs of this term and to pay $10 counsel fee; terms to be paid in 60 days before next term, or default"— and the defendant pays nothing and becomes default at the next term, the plaintiff is entitled to judgment for all the costs which the defendant was ordered to pay.

AT the November Term, 1863, an order was made as follows : "Defendant allowed to plead the general issue ; defendant to pay and tax no costs of this term and to pay $10 counsel fee ; terms to be paid in sixty days before next term, or default." At the next term, the terms not having been paid, the defendant was defaulted, and the plaintiff claimed to be allowed the $10 counsel fee. The clerk was appointed a commissioner to tax the costs, the bill was submitted to him for taxation, and as clerk, but not as commissioner, he allowed other items in the bill,

but disallowed the item in question. The plaintiff appealed to the court and moved that this item be allowed, the court allowed it, the defendant excepted, and this case was reserved.

*Burrows*, for the defendant.

*Wilson*, for the plaintiff.

DOE, J. In *Sanborn* v. *Sanborn*, 41 N. H. 306, the action had been continued upon condition that the plaintiff should pay the costs of the term and tax none, and, upon a bill of exceptions, it was held that questions relating to the allowance of costs are not open to revision at the law terms, unless the question is referred to the law term by the presiding justice at the trial term, and that the court, at the trial term next after the continuance upon condition that the plaintiff pay costs, properly directed judgment for those costs. In *Murray* v. *Emmons*, 26 N. H. 523, the order was, "continued on terms; the said Murray to pay counsel fees, taxable costs and expenses of party in ninety days, to said Emmons' counsel, otherwise judgment for Emmons at the next term." The costs were not paid, the plaintiff became nonsuit at the next term, and it was held that he was not liable for the terms of the continuance. If the order, in this case, had been in one sentence, and the first part of it, relating to payment, had been coupled with "default," by "or," or "otherwise," the correctness of the rule laid down in *Murray* v. *Emmons* would have been brought in question, concerning which doubts might be entertained. There is an alternative in the order, but it refers to the time within which the terms should be paid, and not to the mere payment. It would seem that the terms were imposed as the condition of a continuance granted on motion of the defendant, and that the subsequent order as to time of payment was made, not as a qualification of the first order, giving the defendant a choice between payment and default at the next term, but to fix the time of payment for the benefit of the plaintiff, and to enable him to know, within a reasonable time before the next term, whether he should be ready for trial.

A party may be allowed to elect, either to pay costs and have a continuance, or not to pay and not have a continuance, but his choice should be exercised at the term when the continuance is granted. By accepting the continuance and gaining its advantages, the defendant accepted its conditions. Any other construction of the order would give it a meaning different from the usual understanding of the parties in such cases, and not derived from the ordinary use of language, and would encourage motions for continuance, made for the purpose of delay.

*Exception overruled.*